IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

REGINALD D. BURKE, SR.,
Prisoner No. 8L766,

    Plaintiff,

vs.

JANET JOHNSTON, PAMELA S.
KNICK, VICKI BENJAMIN, KENNETH
R. MORGAN, DOUGLAS GESKE,
and JAMES PINT,

    Defendants.                     No. 02-C-0503-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction

Before the Court is a motion to dismiss for lack of jurisdiction submitted by Defendants Janet Johnston, Pamela S. Knick, Vicki Benjamin, Kenneth R. Morgan, and James Pint. (Doc. 64.) *Pro se* Plaintiff/Inmate Reginald D. Burke, Sr., brought this § 1983 action to contest the calculation of his sentence and the terms of his supervised release. (Doc. 1.) Defendants now move for dismissal based on the *Rooker-Feldman* doctrine or collateral estoppel because this sentencing matter has already been addressed several times in ***State ex rel. Reginald D. Burke v. Circuit Court for Walworth County***, No. 96-CF-226, F-923676 (Wis.

1

**Cir. Ct. Sept. 13, 2000)(Brown, P.J.)**, a case in the Circuit Court of Walworth County, Wisconsin. (Doc. 64.) Plaintiff has responded in opposition. (Doc. 71.) For the following reasons, the Court **GRANTS** Defendants' motion to dismiss. (Doc. 64.)

## II. Background

On January 7, 1997, Plaintiff pled no contest to two counts of third degree sexual assault and one count of false imprisonment in the Wisconsin state criminal proceeding of *State of Wisconsin v. Burke*, No. 96-CF-226. (Doc. 48, Ex. E Sentencing Order.) On March 20, 1997, the Wisconsin Circuit Court sentenced Plaintiff to five years for his sexual assault convictions and to two years for his false imprisonment conviction. (*Id.*) The sentences were to run consecutively to each other, and these sentences were to run consecutive to a separate parole violation sentence Plaintiff was then serving. (*Id.*) On May 14, 1999, the Circuit Court amended its sentencing order so that all of Plaintiff's sentences would run concurrently. (Doc. 48, Ex. F.)

On October 20, 1999, Plaintiff filed a *pro se* pleading entitled "Motion for Uncredited Jail Time to be Credited." (Doc. 64, Ex. p. 3-4.) In that pleading, Plaintiff confusedly argued that he should receive credit for the time he served between his arrest and sentencing given that his sentences were amended from consecutive to concurrent.[1] (*Id.*) On October 26, 1999, Circuit Court Judge Michael

---

[1] It seems Plaintiff did not (and apparently still does not) understand that his time served prior to sentencing was accredited to his parole violation sentence and that this time was later

2

Gibbs denied the request based on his agreement with the District Attorney's position that the time served prior to his sentence of March 20, 1997, was properly applied and that no further jail credit should be given.[2] (Doc. 64, Ex. p. 2.) Plaintiff made three additional attempts to obtain the jail credits he mistakenly believed he deserved, including filing a petition for writ of habeas corpus in the Wisconsin Circuit Court on November 30, 1999 (Doc. 69, Ex. p. 30-32); filing a petition for writ of mandamus with the Wisconsin Court of Appeals on August 28, 2000 (Doc. 69, Ex. p. 15-18); and filing a motion to reconsider with the Wisconsin Circuit Court on October 22, 2001 (Doc. 69, Ex. p. 25-28). Every attempt was rejected. (Doc. 69 p. 2; Ex. p. 11, 34.)

In this federal case, Plaintiff is suing Defendants who are wardens and record keepers at Wisconsin prisons because they kept him confined for a time longer than he believes was demanded by his sentence in *State of Wisconsin v. Burke*, No. 96-CF-226.[3] (Doc. 1, p. 1-3; Doc. 7.) Specifically, Plaintiff claims Defendants misapplied the Amended Sentencing Order of May 14, 1999, that altered his sentences from consecutive to concurrent by failing to apply credit to his sentence

---

effectively accredited to his sexual assault and false imprisonment violations when those sentences were amended to run concurrently with his parole violation sentence.

[2] While Judge Gibbs' denial appears to be a simple dated signature along with the phrase "I agree" at the bottom of District Attorney Phillip Koss' Letter of October 25, 1999, (Doc. 64 Ex. p. 2 "Letter of October 25, 1999"), the Wisconsin Court of Appeals found that Judge Gibbs' did effectively deny Plaintiff's motion (Doc. 64 Ex. p. 1 "Court of Appeals Order of Sept. 13, 2000").

[3] Plaintiff's complaint also asserts a claim against Defendant Geske concerning the terms of his supervised release. (Doc. 1, p. 3.) Summary judgment was granted on this claim in Geske's favor on September 16, 2004. (Doc. 62.)

3

for the time he served prior to his sentencing on March 20, 1997.  (Doc. 1, p. 4.)  While Plaintiff's pleadings are difficult to construe, he indicates in his response to Defendants' currently pending motion that this federal suit involves the same issue as that which was raised in his rejected petitions and motions submitted to the Wisconsin Circuit and Appellate Courts.[4]  (Doc. 69, p. 2.)

### III.  Analysis

Defendants' present motion to dismiss argues this Court lacks jurisdiction based either on the *Rooker-Feldman* doctrine or collateral estoppel.  (Docs. 64, 65.)  Plaintiff responds that the motion is late and that Defendants continue to wrong him simply by defending themselves in this lawsuit.  (Doc. 69.)

According to the **Rooker-Feldman** doctrine, federal district courts do not have subject matter jurisdiction over state court decisions.

> The *Rooker-Feldman* doctrine precludes lower federal courts from exercising jurisdiction over claims that would require them to review a final judgment of a state court.  Review of state court judgments is possible only in the state court system and from there to the United States Supreme Court.  The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations.  The key inquiry is "whether 'the district court is in essence being called upon to review the state-court decision.'"

***Manley v. City of Chicago*, 236 F.3d 392, 396 (7th Cir. 2001)(internal citations**

---

[4] Specifically, Plaintiff states that his motions and petitions filed in state court "only prove that plaintiff sought relief through the courts after a continual denial by defendants to apply sentence credit."  (Doc. 69, p. 2.)

omitted)(quoting *Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993), and *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 483-84, n.16 (1983)). The issue of whether a federal court has subject matter jurisdiction may (and must) be raised at any time before final judgment. **28 U.S.C. 1447(c);** *Lewis v. Anderson*, **308 F.3d 768, 771 (7th Cir. 2002)(stating a *Rooker-Feldman* jurisdictional issue may be raised at "any time")**.

In this case, the *Rooker-Feldman* doctrine clearly bars this Court from exercising jurisdiction over Plaintiff's § 1983 claim that contests the calculation of his jail credits. As Plaintiff acknowledges (Doc. 69, p. 2), the jail credit issue raised in this suit is exactly the same as the issue raised before the Wisconsin Circuit and Appellate Courts, the only difference being that Plaintiff now seeks monetary relief instead of jail credit. Given that the Wisconsin state courts rejected Plaintiff's position, this federal court cannot now grant Plaintiff's requested relief without directly contravening the essential conclusions of those Wisconsin state decisions and orders. Furthermore, Plaintiff's concern as to the timeliness of Defendants' motion is irrelevant since federal courts are required to address such jurisdictional issues at any time before final judgment. ***Lewis v. Anderson*, 308 F.3d at 771.**

### IV. Conclusion

The Court **GRANTS** the motion to dismiss for lack of jurisdiction submitted by Defendants Janet Johnston, Pamela S. Knick, Vicki Benjamin, Kenneth

5

R. Morgan, and James Pint. (Doc. 64.) The Court **DISMISSES without prejudice** Plaintiff's claim because the *Rooker-Feldman* doctrine bars federal jurisdiction over Plaintiff's § 1983 claim that is based on an argument which has been clearly rejected numerous times in Wisconsin state courts. Since summary judgment has already been granted in favor of Defendant Geske (Doc. 62), Plaintiff has no claims pending against any Defendant. The Court **FINDS as moot** all other pending motions.

    **IT IS SO ORDERED.**

Signed this 21st day of July, 2005.

                                         /s/    David RHerndon
                                         **United States District Judge**

6

Case 2:02-cv-00503-DRH   Filed 07/21/05   Page 6 of 6   Document 76